UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL PAUL SHERWOOD,

                Petitioner,                Case No. 1:07-cv-425

v.                                  Honorable Richard Alan Enslen

JOHN PRELESNIK,

                Respondent.

_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 126 S. Ct. 1675, 1684 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.      Factual Allegations

Petitioner was convicted by a jury on April 4, 2002, of five counts of criminal sexual conduct in the first-degree, MICH. COMP. LAWS § 750.520(1)(b)(ii) (victim age thirteen to fifteen and actor related to victim).  (Am. Pet. at 1, docket #5.)  Petitioner appealed his conviction on February 25, 2003, which was affirmed on November 25, 2003.  (*Id.* at 1-2.)  Petitioner sought leave to appeal from the Michigan Supreme Court, which was denied on June 30, 2004.  (*Id.* at 2.)  Petitioner filed a motion pursuant to MICH. CT. R. 6.500 on September 29, 2005, which was denied on October 31, 2005.  (*Id.* at 2-3.)  Petitioner sought leave to appeal from the Michigan Court of Appeals on March 1, 2006, which was denied on September 15, 2006.  (*Id.* at 3.)  Petitioner then sought leave to appeal from the Michigan Supreme Court on November 13, 2006, which was denied on January 29, 2007.  (*Id.*)

Petitioner raises nine grounds in his petition for habeas relief. Petitioner asserts that he was denied due process because (1) the trial court admitted complainant's testimony of prior uncharged acts without a proper foundation; (2) there was insufficient evidence presented to warrant his conviction; (3) the trial court allowed the late addition of a witness who testified against Petitioner; (4) there was prosecutorial misconduct; (5) "the state court did not waive the good cause requirement of MICH. CT. R. § [sic] 6.508;" and (6) counsel "demonstrated good cause for [Petitioner's] 6500 [sic] Motion yet the state court held otherwise."  (Am. Pet. at 5-8, 10, 11.)  Petitioner's other grounds assert that he has ineffective assistance of counsel because (7) trial counsel did not discover or establish that the results of the state polygraph test were inaccurate; (8) trial counsel "failed to enforce a plea bargain made by the state;" and (9) trial counsel did not call an expert psychiatrist regarding the complainant's interview.  (*Id.* at 9, 12, 13.)

II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in

28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and

Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA).  Prior to enactment

of the AEDPA, there was no defined period of limitation for habeas actions.[1]  Section 2244(d)(1)

provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed

application for State post-conviction or other collateral review with respect to the pertinent judgment

or claim is pending."  28 U.S.C.  § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82

(2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531

U.S. 4, 8 (2000) (defining "properly filed").

---

[1]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to paragraph nine of Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on June 30, 2004. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083-084 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on September 29, 2004. *See Bronaugh*, 2000 WL 1847861, at *3 (under FED. R. CIV. P. 6(a), the first day for counting purposes does not include the day of the act, event or default from which the designated period of time begins to run). Petitioner had one year from September 30, 2004, to file his habeas application.

A properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 127 S. Ct. 1079 (2007) (*overruling Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003)). The statute is not tolled during the time that a Petitioner petitions for writ of certoriari in the United Stated Supreme Court.

Petitioner filed a motion pursuant to MICH. CT. R. 6.500 on September 29, 2005, at that time he had two days remaining in the limitations period. Petitioner's motion was denied by the Ingham County Circuit Court and Petitioner filed applications for leave to appeal with the Michigan Court of Appeals and Supreme Court. The Michigan Supreme Court denied Petitioner's application on January 29, 2007. He had two days remaining, until January 31, 2007, in which to file a petition for habeas relief. Petitioner filed his petition on April 30, 2007, (Pet., docket #1), three months after the statute of limitations expired. Thus, his application is time-barred.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly" by this Court. *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-009. A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 127 S. Ct. at 1085 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *Brown v. United States*, 20 F. App'x

373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999));

*Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an

incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is

not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate

opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,*

126 S. Ct. at 1684. This report and recommendation shall therefore serve as notice that the District

Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity

to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard

by the District Judge.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied

because it is barred by the one-year statute of limitations. I further recommend that a certificate of

appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Date:  August 1, 2007                                         /s/ Ellen S. Carmody
                                                             ELLEN S. CARMODY
                                                             United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).