UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL PAUL SHERWOOD,          Case No. 1:07-CV-425

    Petitioner,          Hon. Richard Alan Enslen

v.

JOHN PRELESNIK,
         **FINAL ORDER**

    Respondent.

_____/

    Petitioner Michael Paul Sherwood has objected to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of August 1, 2007, which recommended that this Court summarily dismiss his Petition for Writ of Habeas Corpus as untimely pursuant to Rule 4 of the Rules Governing § 2254 Cases. The Court reviews the Objections, the Report and pertinent parts of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(C).

    Upon such review, the Court determines that the Report should be adopted and the Objections denied for the reasons set forth in the Report. Petitioner seeks to excuse his untimely filing on two grounds: 1) the statute of limitations under 28 U.S.C. § 2244(d)(2) should have been tolled until the Michigan Supreme Court denied his motion for reconsideration; and 2) due to a recent Supreme Court decision, adverse to Petitioner, equitable tolling is necessitated.

    Petitioner's counsel argues that this is the first case he "has heard of where any judge has suggested that a timely motion for rehearing filed in the state post-conviction proceeding does not count towards the tolling." (Obj. 2.) To support this proposition, Petitioner's counsel cites one case from the Eastern District of Missouri. *See Williams v. Roper*, No. 4:05-CV-1474 (RWS), 2007 WL 1018638 (E.D. Mo. Mar. 30, 2007). Apparently, Petitioner's counsel has not been listening. Courts

in the Sixth Circuit view state post-conviction review as ending when the state supreme court denies *leave to appeal*, not when the state supreme court denies a motion for reconsideration. *See Whalen v. Randle*, 37 Fed. Appx. 113 (6th Cir. 2002); *Bronaugh v. Ohio*, 235 F.3d 280 (6th Cir. 2000); *Cole v. McKee*, No. 1:04-CV-798, 2007 U.S. Dist. LEXIS 35328 (W.D. Mich. May 15, 2007); *Cristini v. McKee*, No. 01-CV-74483 (DT), 2003 U.S. Dist. LEXIS 13509 (E.D. Mich. July 9, 2003); *Hudson v. Jones*, 35 F. Supp. 2d 986 (E.D. Mich. 1999); *Matthews v. Abramajtys*, 39 F. Supp. 2d 871 (E.D. Mich. 1999); *Thomas v. Straub*, 10 F. Supp. 2d 834 (E.D. Mich. 1998).

Accordingly, when the Michigan Supreme Court denied Petitioner's leave to appeal on January 29, 2007, the statute was no longer tolled. As correctly noted in the Report, Petitioner had two days remaining, until January 31, 2007, in which to file a petition for habeas relief. Since Petitioner did not file until April 30, 2007, his Petition is time-barred by § 2244(d)(1)(A).

Even though Petitioner is untrained in the law and has not been represented by counsel throughout the appellate process, equitable tolling is granted sparingly. *See Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). The burden of establishing equitable tolling is on the petitioner. *Id.* To benefit from equitable tolling, a petitioner must show that: 1) he was diligently pursuing his rights; and 2) some extraordinary circumstances stood in the way of his timely compliance. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Andrews v. Orr*, 851 F.2d 146, 152 (6th Cir. 1988). While the Supreme Court's February 2007 decision in *Lawrence v. Florida*, 127 S. Ct. 1079 (U.S. 2007), no doubt interfered with Petitioner's prosecution of his habeas petition, this Court cannot say that Petitioner was diligent in filing his Petition. In fact, Petitioner's situation is akin to that of the petitioner in *Lawrence*, whom the Supreme Court ruled was time-barred. *See id.* at 1081–82. After *Lawrence* was handed down, Petitioner should have asked the Court to equitably toll the time for

filing his habeas petition due to extraordinary circumstances. Instead, however, Petitioner proceeded as if *Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003), was still good law. The Report correctly found that Petitioner has not met his burden of showing that he is entitled to equitable tolling.

Pursuant to 28 U.S.C. § 2253, the Court must also assess whether to grant the issuance of a certificate of appealability to Petitioner. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined). Under the statute and the Supreme Court's determinations in *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) and *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983), a certificate is to be issued if the resolution of the petition is debatable among reasonable jurists or adequate to deserve encouragement for some other reason. Upon review of the issues raised, the Court determines that this standard is not met as to any of the nine grounds for relief asserted in the Petition for Writ of Habeas Corpus because of the strong procedural reason (statue of limitations) for denying relief and because of the delay in the filing of the Petition.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner Michael Paul Sherwood's Objections (Dkt. No. 7) are **DENIED**, the Report and Recommendation (Dkt. No. 6) is **ADOPTED**, the Petition for Writ of Habeas Corpus (Dkt. No. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**, and a certificate of appealability is **DENIED** as to all nine grounds asserted.

DATED in Kalamazoo, MI:  
    September 11, 2007

   /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE