UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL PAUL SHERWOOD,   Case No. 1:07-CV-425

    Petitioner,   Hon. Richard Alan Enslen

v.

JOHN PRELESNIK,

**ORDER**

    Respondent.

                              /

This matter is before the Court on Petitioner Michael Paul Sherwood's Motion for Reconsideration of the Court's Final Order of September 11, 2007, which dismissed Petitioner's habeas corpus petition as filed outside the statute of limitations provided in 28 U.S.C. § 2244(d).

On April 4, 2002, Petitioner was convicted by a jury on five counts of criminal sexual conduct in the first degree. Petitioner timely but unsuccessfully appealed to the Michigan Court of Appeals and the Michigan Supreme Court, the latter denying Petitioner leave to appeal on June 30, 2004. The one-year limitations period for filing a habeas petition began running 90 days later. *See* 28 U.S.C. § 2244(d)(1)(A); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). With only two days remaining in the limitations period, Petitioner filed a motion for relief from judgment pursuant to Michigan Court Rule 6.500 on September 29, 2005, thereby tolling the statute of limitations. After the motion was denied, Petitioner timely but unsuccessfully appealed to the Michigan Court of Appeals and the Michigan Supreme Court, the latter denying Petitioner leave to appeal on January 29, 2007. Petitioner's habeas petition was filed on April 30, 2007, which is well after the two days Petitioner had remaining in his limitations period. Based on this, the Court previously held that Petitioner's habeas petition was time-barred.

Petitioner argues that the Court failed to consider one vital fact: Petitioner filed a timely motion for reconsideration of the denial of leave with the Michigan Supreme Court on February 27, 2007, which was denied on April 24, 2007.  Petitioner argues tolling continued until this motion was denied.[1]  Assuming, arguendo,[2] that Petitioner is correct and that a palpable defect exists in the Final Order, Petitioner still filed his habeas petition four days late on April 30, 2007.[3]

Therefore, the same disposition of the case results.  Moreover, the Court remains convinced that equitable tolling is not warranted.[4]  Equitable tolling should be granted sparingly.  *See Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003).  The burden of establishing equitable tolling is on the petitioner.  *Id.*  To benefit from equitable tolling, a petitioner must show that:  1) he was diligently pursuing his rights; and 2) some extraordinary circumstances stood in the way of his timely compliance.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Andrews v. Orr*, 851 F.2d

---

[1] The Court's Final Order cited various cases, including *Whalen v. Randle*, 37 FED App. 113 (6th Cir. 2002), and *Bronaugh v. Ohio*, 235 F.3d 280 (6th Cir. 2000).  The Court is unpersuaded that tolling should continue while a motion for reconsideration is pending based on the other caselaw cited.  Nevertheless, the *Whalen* and *Bronaugh* decisions do not support this determination.

[2] The Sixth Circuit Court of Appeals has not addressed whether state post-conviction review ends, for purposes of § 2244(d), when a state's highest court denies leave to appeal or denies a motion for reconsideration.

[3] Petitioner argues 30 days of "mandatory equitable tolling" should have been applied beginning on April 24 so that he could file a habeas petition, pursuant to *Griffin v. Rogers*, 399 F.3d 626, 633 (6th Cir. 2005), and *Palmer v. Carlton*, 276 F.3d 777, 781–82 (6th Cir. 2002). Petitioner's reliance is misplaced because these cases are only applicable to "mixed" habeas petitions containing unexhausted state claims. *Cf. Huey v. Smith*, 199 FED App. 498, 500 (6th Cir. 2006).

[4] In the Final Order, after analyzing Petitioner's equitable tolling claim, the Court concluded that "[t]he Report correctly found that Petitioner has not met his burden of showing that he is entitled to equitable tolling."

146, 152 (6th Cir. 1988). Petitioner has not demonstrated that he was diligently pursuing his rights or that some extraordinary circumstance stood in the way of timely compliance. Accordingly, the Court finds that Petitioner has not met the burden of establishing equitable tolling and that issuance of a certificate of appealability remains inappropriate. *See Draper v. Trombley*, No. 2:06cv12405, 2007 WL 1041252, at *3–4 (E.D. Mich. Apr. 4, 2007) (concluding that a habeas petition filed three days late did not warrant equitable tolling); *Gilmore v. United States*, Nos. 1:05cr460 & 1:07cv1854, 2007 WL 2301180, at *2 (N.D. Ohio Aug. 8, 2007) (finding that a habeas petition filed two days late did not warrant equitable tolling).

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner Michael Paul Sherwood's Motion for Reconsideration (Dkt. No. 9) is **DENIED**.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
December 13, 2007  RICHARD ALAN ENSLEN
  SENIOR UNITED STATES DISTRICT JUDGE